## Lewis v. Jacobsen

*Gerald A. McNelis, Sr.*, for plaintiffs.

*Quinn, Leemhuis, Plate & Dwyer*, for defendants.

LAUB, J., November 13, 1962.—This is an action in assumpsit arising out of the sale of a potato harvester. The pleadings reveal that plaintiffs are potato farmers and defendant is a supplier of farm machinery and equipment. On August 6, 1956, plaintiffs bought a potato harvester from the defendant for $7,470, but it did not work. When it was used during the 1956 harvest, it damaged potatoes in the ground and otherwise proved unsatisfactory, requiring plaintiffs to employ manual labor to complete the job which the machine was warranted to perform. Plaintiffs then sent the harvester to the factory where it was presumably repaired and returned to plaintiffs. However, when it was used during the 1957 season, the results were substantially the same as in 1956. Plaintiffs, in cooperation with defendant, then attempted to put the device in condition for practical use but plaintiffs abandoned their efforts during the summer of 1958, placing the machine in storage rather than run the risk of another loss during the 1958 season.

This suit was instituted on March 27, 1962, plaintiffs claiming that defendant breached a number of express warranties, and claiming further that there

was a breach of an implied warranty of fitness of purpose arising out of defendant's knowledge of the area where the harvester was to be used and the use for which plaintiffs acquired it.

Defendant filed an answer containing new matter in which he pleaded the statute of limitations. No reply having been filed by plaintiffs, defendant then moved for judgment on the pleadings, and this is what we are now considering.

The statute invoked by defendant is the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §§1-101, et seq. which, in section 725, 12A PS §2-725, provides that an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. In subsection (2) of said provision, we find that a breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered. These provisions necessarily dispose of the problem, for even if it be considered that the breach of warranty was not discovered and could not have been discovered until the 1957 harvest, the statute would have run during the potato harvesting season of 1961, months before the action was actually instituted. While it is true that the law relating to the tolling of the period of limitations was not affected by the code, there is nothing in the pleadings which would suspend the statute's operation. The allegation in the complaint that plaintiffs and defendant cooperated in trying to repair the machine up until the summer of 1958 is insufficient for such purpose.

And now, to wit, November 13, 1962, judgment on the pleadings is entered for defendant.